## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DOUGLAS BRUCE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. 4:23CV236 JAR |
| CITY OF ST. LOUIS, MISSOURI, | ) ) ) |
|     Defendant. | ) ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss. ECF No. 10. Plaintiff filed his response in opposition. The Motion is fully briefed and ready for disposition. For the reasons set forth below, the Court finds that Plaintiff's Complaint is insufficient as plead and will allow him fourteen days to file an amended complaint.

### **Background and Facts**

On February 27, 2023, Plaintiff Douglas Bruce, a Colorado resident, filed this action against Defendant, alleging municipal liability and excessive fines related to the demolition of two single-family homes that he owns in the City of St. Louis, Missouri.

Plaintiff's Complaint [ECF No. 1] states, in pertinent part,[1] that he owns two single-family homes, located at 4928 St. Louis Avenue and 418 Christian Avenue (the "Properties"), that Defendant demolished without any proper notice. Plaintiff alleges that he did not receive any notice from Defendant regarding any maintenance issues or other possible bases for the demolition of the Properties nor did he receive notice of any fines connected to the Properties. Plaintiff believes that Defendant demolished the Properties and issued fines, penalties, tax liens, and other charges against the Properties without proper notice to him because it maintains certain

---

[1] Unless otherwise noted, all facts in this section are alleged in Plaintiff's Complaint and accepted as true for purposes of this motion only. *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017).

policies, practices, customs, and ordinances permitting such actions. Because Plaintiff was not given any advance notice, he did not have an opportunity to contest the demolitions.

Accordingly, Plaintiff filed this action, alleging the following four counts in his Complaint: three counts of municipal liability, specifically the deprivation of property (Count One) and violation of procedural due process (Count Two) under the Fifth and Fourteenth Amendments, and the violation of substantive due process (Count Three); and excessive fines in violation of the Eighth and Fourteenth Amendments (Count Four). Plaintiff seeks a declaratory judgment, monetary damages, attorneys' fees and costs.

Defendant filed the instant motion, pursuant to Federal Rules of Civil Procedure 12(b)(6), requesting the Court to dismiss Plaintiff's Complaint for failure to state a claim on all counts.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, Plaintiff's obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## Discussion

Municipal Liability (Count One)

Defendant argues that Plaintiff's claim in Count One should be dismissed because he fails to state a claim for municipal liability based on Defendant's policies or customs.

In *Monell v. Dep't of Soc. Servs.,* the United States Supreme Court held that local governing bodies, like Defendant, "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690–91 (1978). Additionally, local governments may be liable for constitutional violations "pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 691.

"A 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Bechtel v. City of Belton*, 250 F.3d 1157, 1160 (8th Cir. 2001) (alteration omitted) (quoting *Mettler v. Whitledge,* 165 F.3d 1197, 1204 (8th Cir. 1999)). An actionable custom requires Plaintiff to establish:

(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

3

>    (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking official after notice to the officials of that misconduct; and
>
>    (3) The plaintiff's injury by acts pursuant to the governmental entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation.

*Jane Doe A v. Special Sch. Dist. of St. Louis Cnty.,* 901 F.2d 642, 646 (8th Cir. 1990).

Plaintiff's Complaint is composed primarily of conclusory allegations that he was deprived of his constitutional rights by Defendant because of its policies, practices, customs, and ordinances by issuing excessive fines against the Properties and demolishing the Properties without proper notice to him and without the ability to contest them. Although Plaintiff fails to specifically identify the existence of an unconstitutional policy or custom, he is correct that this is not fatal to his claim at this stage of the proceeding. The Court recognizes that when a complaint is filed, a plaintiff "may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right." *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003) However, Plaintiff nonetheless fails to state a claim for municipal liability under *Monell* because his factual allegations are limited to his own experiences. Like in *Doe*, the deficiency in Plaintiff's Complaint is "the complete absence of allegations, reference, or language by which one could begin to draw an inference that the conduct complained of…resulted from an unconstitutional policy or custom of [Defendant]." *Id.* Plaintiff's Complaint only points to his case. His experiences alone do not give rise to an inference of an unconstitutional policy or procedure of Defendant, nor do they establish a continuing, widespread, persistent pattern of unconstitutional misconduct by Defendant to satisfy an actionable custom. *Id.* at 615; *See also, Ouzts v. Cummins,* 825 F.2d 1276, 1278 (8th Cir. 1987) (stating that a single incident is insufficient to establish a policy). Plaintiff's Complaint fails to "allege facts which would support the existence of an

4

unconstitutional policy or custom[,]" which is fatal to this claim as currently pled. *Doe,* 340 F.3d at 614.

<u>Substantive Due Process (Count Two) and Procedural Due Process (Count Three)</u>

Count Two alleges a violation of procedural due process and Count Three alleges a violation of substantive due process based on Defendant's demolition of the Properties without proper notice to Plaintiff. These claims allege that these violations occurred as a result of Defendant's unconstitutional policies and customs. The Court is unclear if Plaintiff is alleging municipal liability under *Monell* and its progeny, or if these are separate claims for due process violations. In any event, Plaintiff has not provided sufficient facts and these allegations are conclusory. The Court will allow Plaintiff an opportunity to amend these claims to provide additional facts.

<u>Excessive Fines (Count Four)</u>

Count Four of Plaintiff's Complaint alleges that he did not receive "proper notice of the issuance of fines or orders" in connection with maintenance issues or other possible bases for the demolition of his Properties, but "[u]pon information and belief" Defendant "issued excessive and unconstitutional fines against the Properties related to maintenance of the building on the Properties" in violation of the Eighth Amendment. ECF No. 1 at ¶¶ 10, 41-42.

The Excessive Fine Clause under the Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VII. § 1. The Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, as *punishment* for some offense." *Austin v. United States*, 509 U.S. 602, 609–610 (1993) (internal citations omitted). "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the [fine] must bear some relationship to the gravity of the offense that it is designed to punish."

5

*Mills v. City of Grand Forks*, 614 F.3d 495, 501 (8th Cir. 2010) (quoting *United States v. Bajakajian,* 524 U.S. 321, 334 (1998) (internal citations omitted)). "For excessive fine claims, a plaintiff must show: (1) gross disproportionality; and (2) the disproportionality is of such a level that the punishment is more criminal than the crime." *Id.* (citing *United States v. Dodge Caravan*, 387 F.3d 758, 763 (8th Cir. 2004)).

Plaintiff fails to allege the amounts of the fines that Defendant supposedly issued to him and what violations the fines were issued for. Plaintiff's Complaint admits that he did not receive notice of these fines. This claim is entirely based on Plaintiff's belief that he was issued excessive fines without *any* factual support. To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's complaint is completely devoid of any factual basis whatsoever that Defendant's alleged fines were grossly disproportionate in a constitutional sense in violation of the Excessive Fines Clause. Plaintiff must provide factual support of how the fines were excessive and the relevant ordinance/violation that the fines were issued for to properly state a claim.

## Conclusion

For the reasons set forth above, the Court finds Plaintiff's Complaint as plead is entirely insufficient and will give Plaintiff additional time to file an amended complaint to cure these deficiencies.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff is given fourteen (14) days from the date of this Order to file an amended complaint.

Dated this 13th day of March, 2024.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**